a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PETERSON JEROME,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-00929-P |
| VERSUS | JUDGE DRELL |
| WILLIAM BARR,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Emergency Stay Order of Removal (ECF No. 1) filed by Petitioner Peterson Jerome ("Jerome"). Jerome is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Jena, Louisiana. ECF No. 1.

Because the Court lacks jurisdiction to grant the relief requested, the Petition for Emergency Stay Order of Removal (ECF No. 1) should be DENIED and DISMISSED.

### I. Background

Jerome alleges that he is a lawful permanent resident. ECF No. 1 at 4. In 2016, Jerome pleaded guilty to an aggravated felony and was sentenced to 24 months of imprisonment. ECF No. 1 at 4. Jerome was ordered removed, and the Board of Immigration Appeal denied his appeal. ECF No. 1 at 4. Jerome has filed a motion for reconsideration with the Board of Immigration Appeals ("BIA"), which is pending.

II. <u>Law and Analysis</u>

Jerome does not challenge the fact or duration of his detention. Rather, Jerome asks this Court to stay the removal order until the BIA has ruled on his motion for reconsideration. ECF NO. 1 at 4. Such a motion must be filed with the court of appeals with jurisdiction over the petition for review of the removal order. *See* INA § 242(b)(2); 8 U.S.C. § 1252(b)(2).

Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). The Act further provides that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1). No subsequent paragraph of Section 1252(e)(1) specifically authorizes the Court to grant Jerome injunctive relief.

The United States Court of Appeals for the Fifth Circuit has routinely held that the REAL ID Act strips district courts of jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*)

("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings."); *see also Alam v. Nielsen*, 312 F.Supp.3d 574 (S.D. Tex. 2018) (motion to reopen removal proceedings in the BIA did not provide a basis for district court to stay alien's removal until BIA reached a decision on his motion to reopen); *Alvarado-Zamarripa v. Warden, IAH Secure Det. Facility*, 1:17-CV-402, 2019 WL 1301992, at *2 (E.D. Tex. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1301910 (E.D. Tex. Mar. 20, 2019) (district court lacked jurisdiction to consider request for stay of removal).

### III. Conclusion

Because this Court lacks jurisdiction to stay Jerome's removal, IT IS RECOMMENDED that the Petition for Emergency Stay Order of Removal (ECF No. 1) be DENIED and DISMISSED, without prejudice to Jerome filing his motion in the appropriate Court of Appeals.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4